J-S33014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBORA A. STUBITS, ADMINISTRATRIX OF THE ESTATE OF RICHARD F. DOMBROWSKI<br><br>v.<br><br>GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ERIE WESTERN RESERVE, LP, D/B/A GOLDEN LIVING CENTER-WESTERN RESERVE; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; GOLDEN GATE ANCILLARY LLC; GPH ERIE WESTERN RESERVE LLC; GGNSC ERIE WESTERN RESERVE GP LLC; ELIZABETH KACHEL, NHA;  DENISE CURRY, RVP; MILLCREEK COMMUNITY HOSPITAL; MILLCREEK HEALTHY SYSTEM<br><br>APPEAL OF:  GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ERIE WESTERN RESERVE, LP, D/B/A GOLDEN LIVING CENTER-WESTERN RESERVE; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC; GPH ERIE WESTERN RESERVE, LLC; GGNSC ERIE WESTERN RESERVE GP, LLC; ELIZABETH KACHEL, NHA;  DENISE CURRY, RVP | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1160 WDA 2015 |

Appeal from the Order Entered July 8, 2015
in the Court of Common Pleas of Erie County Civil Division
at No(s): 12386 of 2014

J-S33014-16

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.: FILED: January 20, 2017

This case returns to this Court on remand following the Pennsylvania Supreme Court's decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 147 A.3d 490 (Pa. 2016). We reverse and remand for further proceedings.

The relevant history of this appeal was set forth in this Court's May 26, 2016 judgment order affirming the trial court's order overruling Appellants' preliminary objections seeking to compel arbitration of their wrongful death and survival actions. ***Stubits v. Golden Gate National Senior Care, LLC***, 1160 WDA 2015 (Pa. Super. May 26, 2016) (judgment order), *vacated*, 2016 WL 6807020 (Pa. November 17, 2016) (*per curiam*). In refusing to compel arbitration, the trial court relied on this Court's decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), which held that Pa.R.C.P. 213(e) required consolidation of wrongful death and survival actions for trial.

However, our Pennsylvania Supreme Court reversed this Court's decision in ***Taylor***, holding that Rule 213(e) conflicts with the Federal Arbitration Act ("FAA") and is preempted. ***Taylor***, 147 A.3d at 510. Section 2 of the FAA binds state courts to compel arbitration of claims subject to an arbitration agreement, even at the expense of judicial efficiency. ***Id.*** The

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Supreme Court in *Taylor* remanded the case to the trial court, to afford the parties "the opportunity to litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause." *Id.* at 513. Therefore, we will remand to the trial court to address Appellee's fact-based defenses to the validity and enforceability of the arbitration agreement.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017